USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2310 LUIS ROSADO, Plaintiff, Appellant, v. CORRECTIONS, ME WARDEN, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Timothy S. Murphy and Gardner Gardner & Murphy on brief for __________________ ___________________________ appellant. Andrew Ketterer, Attorney General, Mary M. Sauer and Charles K. _______________ _____________ ___________ Leadbetter, Assistant Attorneys General, on brief for appellees. __________ ____________________ March 26, 1997 ____________________ Per Curiam. Petitioner Luis Rosado has filed an __________ application for a writ of habeas corpus under 28 U.S.C.  2254. In it, he argues that the Maine statute setting forth the circumstances under which a juvenile may be prosecuted as an adult, see 15 M.R.S.A. 3101(4), violates due process ___ because it directs the juvenile court to use a preponderance of the evidence standard in determining when such prosecution is required; Rosado maintains that the Constitution mandates a standard of clear and convincing evidence. The district court denied the application for the writ on the merits, but granted a certificate of probable cause to appeal. We treat this certificate as a recommendation that we issue a certificate of appealability ("CAP") under 28 U.S.C. 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. 2253(c)(1)(B). ___ We agree that a substantial question is presented and therefore grant Rosado's request for a CAP. However, since we believe that oral argument would not be of significant assistance -- the parties have fully briefed the case and the issue turns on parsing Supreme Court precedents -- we proceed directly to the merits. Three circuit courts of appeal have addressed the same question in relation to the federal transfer provision contained in the Juvenile Justice and Delinquency Prevention Act. See 18 U.S.C. 5032. These courts hold that a ___ -2- preponderance of the evidence standard is all that due process requires. See United States v. I.D.P., 102 F.3d 507, ___ _____________ ______ 513-14 (11th Cir. 1996); United States v. T.F.F., 55 F.3d _____________ ______ 1118, 1122 (6th Cir. 1995); United States v. Doe, 49 F.3d _____________ ___ 859, 868 (2d Cir. 1995). We agree with the result reached by these courts. Because the cases adequately set out the relevant analysis, including reference to the pertinent Supreme Court cases, we see no reason to repeat it here, but we believe that a published opinion by this court may be useful to district courts in this circuit. Finally, Rosado cites a number of state cases in support of his position that due process requires a clear and convincing evidence standard. Examination reveals that the courts in these cases either adopted such a standard by court rule or by reference to a state statute so providing; the courts that did consider due process claims did not decide what minimum standard of proof was required. _______ The judgment of the district court is affirmed. ________ -3-